IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHARLES D. EASLEY, JR.                                                                   PLAINTIFF

V.                                      CIVIL ACTION NO. 1:18-CV-139-SA-DAS[1]

LOWNDES COUNTY, MISSISSIPPI                                DEFENDANT

ORDER AND MEMORANDUM OPINION

Plaintiff, Charles D. Easley, Jr., filed his Complaint [1] on July 18, 2018, alleging that Lowndes County, Mississippi violated the Age Discrimination in Employment Act when the County did not hire him as a part-time public defender because of his age. Easley was 65 years old at the time he applied for the position. Presently before the Court is Lowndes County's Motion to Dismiss, or in the alternative, Motion for Summary Judgment [10]. Briefing is complete and the issues are ripe for review.

*Facts and Procedural History*

The Circuit Judge of Lowndes County sought candidates to fill five part-time public defender positions to serve the citizens of Lowndes County, Mississippi. Easley submitted his application for consideration. At that time, Easley was 65 years of age. Although multiple candidates applied and were selected, Easley focuses on Colleen Hudson. Easley paints a stark difference between the amount of experience between himself and Ms. Hudson. He claims that Hudson was unqualified for the position because she had no trial experience. At the time, Hudson was 27 years of age and was a practicing attorney in Mississippi. Easley avers that at the time he applied, he had 35 years of experience in practice, and had served as a Justice of the Mississippi Supreme Court.

---

[1] Consolidated with 1:18-cv-140-SA-DAS and 1:18-cv-223-SA-DAS.

After reviewing the applications, the Senior Circuit Judge of Lowndes County recommended Hudson for the position, subject to approval by the Board of Supervisors. The relevant minutes from the Board of Supervisor's meeting reflected this recommendation. On December 7, 2015, the three Circuit Judges in Lowndes County entered a collective order officially appointing five part-time public defenders, including Hudson. Easley did not receive an appointment.

Easley alleges that the County discriminated against him based on his age when the County failed to offer him a position as a part-time public defender. On June 23, 2015, Easley filed a Charge of Discrimination with the EEOC citing a violation of the ADEA. He received a notice of his right to sue on April 24, 2018. Easley later filed this suit in federal court claiming the County intentionally discriminated against him because of his age in violation of the ADEA. Now before the Court is the County's Motion to Dismiss or in the alternative, Motion for Summary Judgment [10].[2] The Court notes that the instant Motion was filed very early in the case, and as such, no discovery has yet been conducted.

*Standard of Review*

In its Motion [10], the County alternatively requests dismissal, summary judgment, judgment on the pleadings, or a more definite statement. Both parties submitted documents outside the pleadings intended to support their arguments. Rule 12(d) of the Federal Rules of Civil Procedure provides: "when matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P.

---

[2] In addition to this case, two additional cases [1:18-CV-140, 1:18-CV-223] were filed by Easley against Lowndes County, Mississippi mirroring the claim made in the instant case but adding an ADEA retaliation claim. This Court, after ordering the parties to show cause as to why the cases should not be consolidated, entered an Order [20] on April 23, 2019 consolidating the three cases.

12(d). Pursuant to Rule 12(d), the Court will treat the instant Motion as a request for Summary Judgment.

Summary Judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

*Analysis and Discussion*

As described above, Easley filed this case alleging that the County discriminated against him because of his age. "A primary purpose of the ADEA is to prohibit arbitrary age discrimination in employment." 29 U.S.C. § 621(b). "To accomplish this purpose, the ADEA prohibits certain practices by employers, employment agencies, and labor organizations." 29 U.S.C. § 623(a)-(c).

Under the ADEA, "it shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

In order to succeed in an age discrimination case, the Plaintiff must first show that the defendant is an "employer" within the meaning of the ADEA. *See* 29 U.S.C. § 630. "If an entity is not an employer, employment agency, or labor organization, it is not subject to the prohibitions of the ADEA against age discrimination in employment." *Coleman v. New Orleans and Baton Rouge S.S. Pilots' Ass'n*, 437 F.3d 471, 478 (5th Cir. 2006). The County argues in its Motion [10] that it is not Easley's "employer" as contemplated by the ADEA. "Determining whether the defendant is an 'employer' within the meaning of . . . the ADEA involves a two-step process: the defendant must fall within the statutory definition, and there must be an employment relationship between the plaintiff and the defendant." *Deal v. State Farm County Mut. Ins. Co. of Texas*, 5 F.3d 117, n. 2 (5th Cir. 1993); *see also Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017, 1019 (5th Cir. 1990), *cert. denied*, 498 U.S. 1026, 111 S. Ct. 676, 112 L. Ed. 2d 668 (1991).

The primary issue that the Court must address here is whether an employment relationship exists between Easley and Lowndes County. The County argues that it merely handles payroll for the position and there is no employment relationship. Easley argues that the County Board of Supervisors is involved in the creation of the office, approval of candidates, approval of salary and benefits, and that for these reasons, the County is an "employer" as contemplated by the ADEA.

The Fifth Circuit applies a "common law control/hybrid economic realities" test to determine whether an employment relationship exists. *Deal*, 5 F.3d at 118. This test has two considerations. First, the common law control test questions whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the

employee's work schedule. *Deal*, 5 F.3d at 119 (citing *Mares v. Marsh*, 777 F.2d 1066, 1068 (5th Cir. 1985)). Second, the economic realities component questions whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment. *Id. See also Fields v. Hallsville Independent School Dist.*, 906 F.2d 1017 (5th Cir. 1990) (holding that the right to control an employee's conduct is the most important component of this two-part test.).

First, looking to the control factors,[3] the Board of Supervisors is given statutory authority to establish the office of public defender. The Plaintiff also suggests that the Board's discussion of Ms. Hudson during its meeting indicates direct involvement in the hiring and firing of part-time public defenders. In the end, the candidates were appointed by all three Circuit Judges in Lowndes County in a court order entered on December 7, 2015. This order also directed the Circuit Clerk to forward the listed attorneys to the Lowndes County Board of Supervisors.

It is not clear who has the right to supervise and set the employee's work schedule. Because the Lowndes County public defenders' office is not led by one Public Defender who supervises the assistants, which is the structure outlined in the statute governing public defender offices, there is no clear answer. Neither the Plaintiff nor the Defendant argues that the Circuit Judge or the Board of Supervisors has the right to supervise or establish the work schedule. Instead, both parties concede that the nature of the job defies typical employer/employee supervisory dynamics. As a

---

[3] The State Legislature promulgated guidelines in Title 25 Chapter 32 of the Mississippi Code for how counties should establish their public defender offices. *See* MISS. CODE ANN. §§ 25-32-1, 3, 5, 7, and 17. Specifically, the code requires the Circuit Judge to appoint one attorney to become the Public Defender. *Id*. By statute, the Public Defender has the authority to hire assistant public defenders. *Id*. Thus, the public defender would ordinarily be the employer of the part-time assistant public defenders—the position sought by Easley. Typically, courts look to state law to understand the nature of the employment relationship even though federal law controls whether a person is an employer. *Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458 (5th Cir. 2001); *see also Simmons v. Lyons*, 746 F.2d 265, 270 (5th Cir. 1984). But because Lowndes County has not followed the statute in appointing public defenders, the Court looks to the *actual* hiring procedures in Lowndes County to determine whether it is an employer for the purposes of the ADEA.

5

practical matter, the Court notes that independence is an inherent, necessary, and important aspect of work done by public defenders. The Supreme Court expressed a similar sentiment in *Polk County v. Dodson*. 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed 2d 509 (1981). Reflecting on its *Gideon* decision, the Court wrote "the right of state criminal defendants to the guiding hand of counsel is at every step in the proceeding against them . . . Implicit in the concept of a guiding hand is the assumption that counsel will be free from state control." *Id* at 323; *citing Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 782, 9 L. Ed. 2d 799 (1963).

Clearly, questions of fact remain unanswered with regard to the County's involvement in the hiring, firing, supervising, and general control over public defenders in Lowndes County.

Second, the Court considers the economic realities. This portion of the test focuses on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment. *Deal*, 5 F.3d at 119 (citations omitted). Regarding salary, Section 25-32-5 provides that compensation shall be fixed by the County Board of Supervisors. MISS. CODE ANN. § 25-32-5. Section 25-32-7(1) confirms the same, stating that "the compensation and expenses of the public defender's office shall be paid by the county." MISS. CODE ANN. § 25-32-7(1). There is no indication in the record that Lowndes County does not follow this portion of the statute.

Regarding the employee's benefits, Easley attached Hudson's employment documents showing her enrollment in benefits offered by both the state and county. These documents include her enrollment for retirement, medical, dental, and life insurance. Included are Retirement Benefits offered through PERS of Mississippi, a state service. The County also offers its employees the choice between two medical plans. In addition, on several documents, Lowndes County Board of Supervisors is listed as Hudson's employer. These designations were made by Valerie Holliday, a

6

payroll representative of Lowndes County. *See* [13-3]. The economic realities test also considers which entity established the terms and conditions of employment. Certain terms and conditions regarding the duration of employment were set by the Circuit Judges' order entered on December 7, 2015 [13-1]. The order provided that "the appointment shall take effect January 1, 2016 and will run through December 31, 2016, unless the Court by further order shall amend or vacate these appointments."[4]

Given the above facts and considerations, the Court finds that several questions of fact remain as to the employment relationship between the County and its assistant public defenders. Construing the disputed facts in Easley's favor, as required, the Court finds that Lowndes County failed to carry its Summary Judgment burden as to the lack of an employment relationship.

*Conclusion*

For all of the reasons fully explained above, the Court finds that the County failed to carry its Summary Judgment burden of demonstrating that no genuine issue of material fact exists as to the lack of an employment relationship between the County and Easley as contemplated by the ADEA. The Defendant's Motion [10] is DENIED *without prejudice*.

SO ORDERED, this the 15th day of August, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[4] Shared control and economic realities at first glance may imply that the County and State are joint employers. However, the joint employer doctrine does not apply to government subdivisions. *See Garrett-Woodbery v. Mississippi Bd. of Pharmacy*, 300 Fed. Appx. 289, 291 (5th Cir. 2008) (declining to apply the joint employer test to a government subdivision).